UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA AUCUTT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:24-cv-00091-GCS |
| | ) |
| PIONEER RESTAURANTS, LLC, | ) |
| | ) |
|       Defendant. | ) |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Pending before the Court is Defendant's motion to compel arbitration. (Doc. 17, 18, 22). Plaintiff opposes the motion. (Doc. 19). Based on the reasons delineated below, the Court **GRANTS** the motion to compel arbitration.

On October 24, 2023, Plaintiff Amanda Aucutt filed suit against her former employer Defendant Pioneer Restaurants, LLC, in the Monroe County Circuit Court. (Doc. 1-2). Specifically, Plaintiff alleges that on June 19, 2023, Defendant terminated her employment as a General Manager for exercising her rights under the Workers' Compensation Law. (Doc. 1-2, p. 3-4). On January 11, 2024, Defendant removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1).

On February 1, 2024, Defendant filed its motion to compel arbitration. (Doc. 17, 18). Defendant argues that arbitration is proper as both parties agreed to submit all claims between them to an arbitrator. Plaintiff counters that she does not recall seeing or signing

an Arbitration Agreement, hence, there is a question of material fact as to whether she signed the Arbitration Agreement. Thus, Plaintiff asks the Court to deny the motion, or alternatively, asks the Court to allow the parties limited discovery on whether an Arbitration Agreement exists and to require Defendant to produce a certificate of authenticity that Plaintiff signed the Arbitration Agreement.[1] Defendant responded that Plaintiff's recollection of not signing the Arbitration Agreement is not sufficient to create a genuine issue of material fact. It further argues that its declarations are uncontroverted, which show that Plaintiff signed the Arbitration Agreement on two separate occasions, *i.e.*, June 29, 2022, and July 29, 2022. As the motion is ripe, the Court turns to address the merits of the motion.

### DISCUSSION

Motions to compel arbitration concern venue and are properly addressed under Federal Rule of Civil Procedure 12(b)(3). *See Grasty v. Colorado Technical University*, No. 14-2880, 599 Fed. Appx. 596, 597 (7th Cir. April 8, 2015) (citing *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 773 (7th Cir. 2014)). *See also Johnson v. Orkin, LLC*, No. 14-1130, 556 Fed. Appx. 543, 544 (7th Cir. June 4, 2014) (noting that an arbitration clause is "simply a type of forum-selection clause," and a motion seeking dismissal based on an agreement to arbitrate therefore should be decided under Rule 12(b)(3)). The Court may consider materials outside the pleadings when evaluating such a motion. *See Johnson*, 556

---

[1] The Court notes that Plaintiff does not dispute that the Arbitration Agreement at issue contains a delegation provision requiring an arbitrator to decide the threshold question of whether the Arbitration Agreement is valid and enforceable.

Fed. Appx. at 544-545 (citing *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 809-810 (7th Cir. 2011)).

The Federal Arbitration Act ("FAA") operates to require arbitration only if there is a valid contract that contains a provision whereby the parties agree to submit certain issues to arbitration instead of the courts. Section 2 of the FAA provides in pertinent part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Section 2 is the "primary substantive provision of the Act[.]" *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). It "reflects the fundamental principal that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). "The FAA thereby places arbitration agreements on equal footing with other contracts and requires courts to enforce them according to their terms." *Id.*

The Seventh Circuit has stated that "[w]e will compel arbitration under the Federal Arbitration Act if three elements are present: (1) an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal to arbitrate." *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018) (internal quotes omitted). A party opposing arbitration must meet the evidentiary standard required of a party opposing summary judgment under FED. R. CIV. PROC. 56(e). *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). Just as in summary judgment, the non-moving party must identify specific evidence in the record establishing a genuine dispute of material fact that must be resolved in a trial. *Id.* In determining whether a genuine issue of material fact exists, the Court accepts as true the evidence of the non-movant and

draws all justifiable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In conducting this assessment, the Court cannot make credibility determinations, choose between competing inferences, or balance the relative weight of conflicting evidence. *See Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

"The division of labor between courts and arbitrators is a perennial question in cases involving arbitration clauses." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 741 (7th Cir. 2010). Generally, an arbitrator should decide a challenge to the validity of the contract. *Id.* (citing *James v. McDonald's Corp.*, 417 F.3d 672, 680 (7th Cir. 2005)). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-a-Center*, 561 U.S. at 70. But more to the point, unless a party challenges an arbitration agreement's delegation provision specifically, the court must treat that provision as valid and leave "any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.* at 72.

Here, the Agreement states: "[t]he Parties agree to the final and binding resolution by arbitration of any claim (including, but not limited to . . . interpretation and enforceability of this Agreement . . . ." (Doc. 18-3). Further, the Agreement provides: "[a]ny arbitration pursuant to this Agreement shall be conducted by the American Arbitration Association, except if: (i) the Employee is/was last employed in a state where JAMS has an office, JAMS shall serve as the neutral . . . [and] Any such arbitration shall be conducted according to the respective service's rules that apply to employment disputes[.]" *Id.* The American Arbitration Association's Consumer Arbitration Rules

provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, [and] the arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part." *American Arbitration Association*, "Consumer Arbitration Rules," available at www.adr.org/sites/default/files/Consumer%20Rules.pdf. *See also Henry Schein, Inc. v. Archer and White Sales, Inc.,* 139 S. Ct. 524, 528 (2019) (stating that "[t]he rules of the American Arbitration Association provide that arbitrators have the power to resolve arbitrability questions."). "As courts have repeatedly held, an arbitration provision that incorporates the rules of the American Arbitration Association demonstrates an intent to submit gateway issues to arbitration." *Ed's Pallet Services, Inc. v. Applied Underwriters, Inc.*, Case No. 15-CV-1163-SMY-SCW, 2017 WL 9287091, at *3 (S.D. Ill. April 7, 2017) (citing *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013). *See also Cooks v. Hertz Corporation,* Case No. 3:15-CV-0652-NJR-PMF, 2016 WL 3022403, at *4 (S.D. Ill. April 29, 2016) (stating that "[b]y agreeing to have the AAA's rules govern the parties' arbitration, they also agreed to leave the issue of whether [Plaintiff's] claims belong in arbitration to an arbitrator.").

Here, an arbitrator should make the threshold decision of arbitrability. The Defendant's incorporation of the AAA's rules provides clear and unmistakable evidence of the intent to delegate threshold issues of the "existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim" to the arbitrator. The law requires that the court "enforce a valid delegation clause even if the underlying arbitration agreement is potentially void." *Kuznik v. Hooters of America, LLC*, Case No.

1:20-cv-01255, 2020 WL 5983879, at * 4 (C.D. Ill. Oct. 8, 2020) (citing *Rent-a-Center*, 561 U.S. at 71-72). Because the delegation clause contained in the AAA arbitration rule appears to be valid, the Court must refer to the arbitrator the question of the arbitration agreement's enforceability.

As the Court finds the delegation clause valid, the Court must address Plaintiff's argument that, according to her recollection she has never seen nor signed the Arbitration Agreement, which puts at issue the authenticity of Arbitration Agreement. Specifically, in her declaration, Plaintiff avows "[a]s a manager assisting employees under the age of majority with the onboarding process, I recall there being an arbitration agreement. However, according to my recollection, I have never seen nor signed the Agreement to Arbitrate that I allegedly signed at any point." (Doc. 19-1, p. 3).

Based on the record, the Court finds that this is insufficient to create a material factual dispute. Plaintiff's affidavit does not explicitly state she did not see/sign the Arbitration Agreement. Rather, Plaintiff states that she does not recall seeing or signing one, which is different than averring she did not see/sign it. Courts tasked with addressing/deciding this issue have reached the same result. *See, e.g.*, *Tinder*, 305 F.3d at 735-736 (stating that "Tinder's only evidence that she never received notice of the program was her own affidavit in which she avers that she 'does not recall seeing or reviewing the Arbitration Program brochure . . .' and this does not raise a genuine issue of material fact."); *Nitka v. ERJ Dining IV, LLC*, Case No. 18 cv 3279, 2018 WL 5884531, at *2 (N.D. Ill. Nov. 8, 2018) (noting "whether [the individual] remembers executing the agreement or not is insufficient to create a genuine issue of fact[.]"); *Muhammad v. Tree*, Case No. 18 C 04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020) (noting that when

the plaintiff submits an affidavit stating that he does not recall receiving an agreement, there is no triable factual dispute, but when plaintiff submits an affidavit in which he denies receiving the agreement, a triable dispute exists); *Wembi v. Gibson's Restaurant Group Management Company LLC*, 2021 WL 2272399, Case No. 21 C 586, at *2 (N.D. Ill. May 13, 2021) (indicating that plaintiff's denial of ever receiving or signing arbitration agreement in an affidavit created issue of fact on validity of agreement). Moreover, Defendant submitted the electronic data from Snagajob's software along with a declaration from Walter Pierce IV, senior engineering manager from Snagajob.com, showing that Plaintiff signed the Arbitration Agreement on two separate occasions, *i.e.*, June 29, 2022, and on July 29, 2002. (Doc. 22-1, 22-2). The Defendant's declarations also demonstrate that the job applicant had to create a unique user ID and password to complete pre-employment documentation, such as the arbitration agreement. In fact, Plaintiff confirmed that she received an email from Snagajob.com asking her to complete standard paperwork as part of the hiring process. These facts are uncontroverted. Thus, Plaintiff's averment that she does not recollect seeing or signing such an agreement is insufficient to create a genuine issue of material fact.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to compel arbitration. (Doc. 17). The Court the **DISMISSES** the matter **without prejudice**, and the Court **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED.**

**DATED:   May 1, 2024.**

Digitally signed by Judge Sison
Date: 2024.05.01 14:48:03 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**